OPINION
{¶ 1} Defendant, David Richardson, was convicted upon a jury's verdict of guilty of possession of cocaine in an amount more than five grams but less than twenty-five, in violation of R.C. 2925.11(A). The offense is a felony of the fourth degree that creates a presumption of a prison term. R.C.2925.11(V)(4)(b).
 {¶ 2} The available prison term for a fourth degree felony offense "shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C. 2929.14(A)(4). Further, the court is mandated by R.C. 2929.14(B) to impose the shortest, six months term unless the court makes one or more of the findings identified in that section. Those are: (1) that the offender was serving a prison term at the time of the offense, or had previously served a prison term; or (2), that the "court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). (Emphasis supplied).
 {¶ 3} If the shortest prison term is not imposed, the record must demonstrate that the court made one or more of the alternative findings in R.C. 2929.14(B). State v. Edmonson
(1999), 86 Ohio St.3d 324. Further, the court must state its findings by oral pronouncement at the sentencing hearing. Statev. Comer, 99 Ohio St. 3d 463, 2003-Ohio-4165.
 {¶ 4} After its colloquy with Defendant Richardson and hearing the State's recommendation that a jail or prison sentence be imposed, the court made the following pronouncements pertinent to the sentence it would impose:
 {¶ 5} "THE COURT: Mr. Richardson, I'm afraid the Court's going to have to concur in the State's position. The last five — seven years you have indicated to the Court that you really don't care about the law — it doesn't make much difference to you. And apparently, the court, at least the Municipal Court, has enforced that thinking on your port — part.
 {¶ 6} "You are subject to six to 18 months. The Court is going to impose a sentence of 10 months in the state penal institution, and apparently have control of a sizeable amount of money. You had $1,900. I don't know if that was from your music business or from your — related to the cocaine. I'm going to impose a fine of $2,500. There'll be a one year suspension of your driver's rights.
 {¶ 7} "I think there is just no choice but to tell you, or to show you, that there is a law in Ohio and that you must comply with it. The purpose of the law is to both to protect the public and to — and to punish you simply. And, if this is the only way we can deter you from dealing drugs, rehabilitate you, this is the way we're going to start.
 {¶ 8} "That will be Court's order. That will be the court costs and attorney's fees." (T. 5-6).
 {¶ 9} Defendant filed a timely notice of appeal. He presents two assignments of error.
 FIRST ASSIGNMENT OF ERROR {¶ 10} "THE NON-MINIMUM SENTENCE IMPOSED ON MR. RICHARDSON WAS CONTRARY TO LAW BECAUSE HE HAD SERVED NO PRIOR PRISON TERMS AND THE COURT FAILED TO FIND ON THE RECORD THAT A MINIMUM SENTENCE WOULD DEMEAN THE SERIOUSNESS OF HIS CONDUCT, OR WOULD NOT ADEQUATELY PROTECT THE PUBLIC AS REQUIRED BY R.C. 2929.14(B)."
 {¶ 11} In order to sustain the particular error assigned, we must "clearly and convincingly" find that the sentence the court imposed is contrary to law. R.C. 2953.08(G)(2)(b). That standard is satisfied here.
 {¶ 12} The State argues that, in addition to the matters involved in the pronouncements quoted above, the facts the court gleaned from its colloquy with the Defendant and the record generally satisfies the findings requirements of R.C. 2929.14(B), because "it reflects the court's analysis and conclusion that any lesser sentence will demean the seriousness of Appellant's conduct and not adequately protect the public from his future crimes." (Brief, p. 3). Those facts included Defendant's prior conviction for carrying a concealed weapon, his failure to successfully complete a drug rehabilitation program, and nine traffic violations.
 {¶ 13} We cannot disagree with the contention that those matters, along with Defendant's conviction for this drug offense, bode ill for his future. And, to the extent that those matters entered the trial court's calculus in imposing a greater than minimum sentence, they comport with the policy pronouncements in R.C. 2929.11 and R.C. 2929.12. The difficulty this record presents, however, is that more is required by R.C. 2929.14(B).
 {¶ 14} R.C. 2929.14(B) requires the court to make the findings which that section specifies "on the record," andComer requires the court to orally pronounce those findings in order to satisfy the requirement. It may be that terminology other than that specified by R.C. 2929.14(B) can suffice; it is to be hoped that the courts are more than a mere instrument of the legislative branch. However, some more direct and specific announcement of the specified findings than the court made here is needed.
 {¶ 15} The trial court erred when it imposed a sentence of more than the shortest prison term authorized by R.C.2929.14(A)(4) for the offense of which Defendant was convicted absent the finding or findings that R.C. 2929.14(B) requires the court to make on the record. The first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR {¶ 16} "EVEN ASSUMING ARGUENDO THAT THE TRIAL COURT COMPLIED WITH OHIO'S FELONY SENTENCING STATUTES, THE SENTENCE IS ALSO UNLAWFUL BECAUSE IT RUNS AFOUL OF THE SIXTH AMENDMENT AS INTERPRETED BY APPRENDI V. NEW JERSEY AND IT PROGENY."
 {¶ 17} Defendant failed to raise this issue when his sentence was imposed. Failure to raise the issue waives any error in that regard for purposes of appellate review. State v. Cressel
(April 29, 2005), Montgomery App. Nos. 20337, 20348. Further, inasmuch as we necessarily must reverse the sentence affected by the error assigned, it is moot.
 {¶ 18} The second assignment of error is overruled. Having sustained Defendant-Appellant's first assignment of error, we will reverse the sentence the trial court imposed and remand the case for resentencing, consistent with this opinion.
Wolff, J. and Fain, J., concur.